```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

**FRANK ACEVEDO,**

       Petitioner,

  vs.                                    **Civil Action 2:16-cv-644**
                                         **Criminal No. 2:05-cr-0152(9)**
                                         **Judge Graham**
                                         **Magistrate Judge King**

**UNITED STATES OF AMERICA,**

       Respondent.

## REPORT AND RECOMMENDATION

In 2006, Petitioner Frank Acevedo, also known as Juan Manuel Martinez Guzman,[1] pleaded guilty pursuant to a plea agreement to one count of possession with intent to distribute over 5 kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). He was sentenced to 120 months' imprisonment on the drug conviction and to 60 months' imprisonment on the gun conviction, such sentences to be served consecutively. *Amended Judgment*, ECF No. 285. On June 30, 2016,[2] Petitioner filed a *Motion to Vacate under 28 U.S.C. § 2255*, invoking the decision of the United States Supreme Court in *Johnson v. United States*, — U.S. —, 135 S.Ct. 2551 (2015). In response, the United States moved to dismiss the action as without merit. *United States' Motion to Dismiss § 2255 Petition*, ECF No. 382 ("*Motion to Dismiss*"). Although Petitioner was granted an opportunity to respond to the *Motion to Dismiss*, *see Order*, ECF No. 380, he has not done so.

---

[1] The *Superseding Indictment*, ECF No. 40, names as a defendant "FRANK ACEVEDO, AKA, Juan Manuel Martinez Guzman." PageID# 174.
[2] Petitioner's filing reflects a date of June 22, 2016. PageID# 1576.

In *Johnson*, the United States Supreme Court addressed the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) and concluded that the provision is unconstitutionally vague. *Johnson* is not applicable to Petitioner's gun conviction, however, because Petitioner was not convicted under that section of the statute; rather, Petitioner was convicted under § 924(c)(1)(A).[3] Moreover, the United States Court of Appeals for the Sixth Circuit has held that *Johnson* does not affect the constitutional validity of even the residual clause of 18 U.S.C. § 924(c)(3)(B). *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). Thus, this Court agrees with Respondent that Petitioner's claim is without merit.

It is therefore **RECOMMENDED** that the *United States' Motion to Dismiss § 2255 Petition*, ECF No. 382, be granted and that this action be dismissed.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right

---

[3] 18 U.S.C. § 924(c)(1)(A) requires an enhanced punishment for any person who, *inter alia*, possesses a firearm "during and in relation to" or "in furtherance of" any drug trafficking crime.

to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                              *s/Norah McCann King*
                                                Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge

October 14, 2016